LUIS SANQUÍRICO, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 864. Submitted March 21, 1932.—Decided June 2, 1932.

*Luis A. Castro* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the Court.

A mortgage credit recorded in the registry of property in 1928 was conveyed to Luis Sanquírico, in whose name it was recorded on August 11, 1931 (*sic*). The property mortgaged was conveyed to María Tómei in an action of debt prosecuted by her against its owner, Carmen Paradís, and it was subsequently purchased by José Fernández Lema, in whose name it was recorded on January 22, 1931. The said property was awarded to Luis Sanquírico on June 27, 1931, in an action of debt brought by him, in a municipal court, against Carmen Paradís, and on presenting his title for record in the registry, the record was denied because the property was recorded in the name of José Fernández Lema, a person other than Carmen Paradís. Later on, the municipal court where Sanquírico had prosecuted his action ordered the cancellation of the record in the name of José Fernández Lema, relying on the decision in *Arroyo v. Zavala*, 40 P.R.R. 257, and on section 36 of the Code of Civil Procedure therein cited. The registrar, however, after reciting the facts appearing of record in his registry concerning said property, refused to cancel the record on the ground that the action of Sanquírico against Carmen Paradís was an action of debt and not a foreclosure proceeding, and because his title was not entitled to preference under the provisions of section 1376 of the Civil Code. The present administrative appeal has been taken by Sanquírico against the refusal to make the cancellation.

In *Arroyo v. Zavala, supra,* the creditor instituted a summary foreclosure proceeding, under the Mortgage Law

and its Regulations, for the collection of his recorded credit, and when the mortgaged property was awarded to him in satisfaction of the judgment and he sought to have the property recorded in his favor, he discovered that it was already recorded in the name of a third person, who had purchased it after payment of the mortgage had been formally demanded from his grantor, in the said foreclosure proceeding. After this fact was brought to the attention of the court, the latter granted the said purchaser time within which to pay the mortgage, and upon his failure to do so it ordered the cancellation of the existing record in favor of the purchaser. The ground on which we based our affirmance of the order of cancellation was not precisely that the proceeding followed for the collection of the mortgage was the summary foreclosure proceeding authorized by the Mortgage Law, although that was the course actually pursued, but that where a person purchases a property encumbered with a recorded mortgage he is presumed to have knowledge of such lien and stands in the shoes of his vendor, in so far as its payment is concerned, and that he knows that he is bound to pay the mortgage if the vendor fails to do so when the same becomes due, and that if payment is demanded from him and he fails to make such payment his purchase will be canceled.

Now, notwithstanding the doctrine laid down in the above case, the registrar acted correctly in refusing the cancellation, because it was not shown to him that the award was made to Sanquírico in satisfaction of the said mortgage or that the present owner Fernández Lema had been required to pay the lien of the property purchased by him.

The appellant attached to his brief, which was filed after that of the registrar, certificates to the effect that the action prosecuted by him in the municipal court for the collection of the mortgage was an ordinary action and that payment of the said mortgage had been demanded from the present owner, Fernández Lema, without success. As it does not

appear that said certificates had been presented to the registrar, and could not be so presented since they were dated subsequent to the taking of the present appeal, we can not consider them for the purpose of our decision, which must be based on such facts as were submitted to the registrar and not on others unknown to him.

Section 1376 of the Civil Code cited by the registrar and which has reference to sales of the same property to different vendees is not applicable to the present case.

The order appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.